

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 15, 1966

Colonel Homer Garrison, Jr.
Director
Texas Department of Public
Safety
Box 4087, North Austin Station
Austin, Texas

Opinion No. C-741

Re: Authority of Texas Range
to execute civil contemp
process and related ques
tions.

Dear Colonel Garrison:

Your opinion request of August 11, 1966, sets out the following facts:

"Recently this office received an Order from the Domestic Relations Court of Harris County which purported to be a Writ of Commitment, addressed 'To Any Texas Ranger Within the State of Texas.' After much consideration, this office returned the instruments to Judge J. W. Mills of the Court of Domestic Relations, Harris County, Texas, with a letter indicating that we did not think this office or any Ranger had authority to obey a Writ of Commitment. On August 9, 1966, we received corrected instruments entitled 'Writ of Commitment' issued 'To Any Texas Ranger Within the State of Texas,' together with a letter from Judge Mills asking that the Writs be served. A copy of the letter and instruments are attached hereto."

You then request our opinion on the following questions:

"1. Is a Ranger a proper person to satisfy a Commitment?

"2. If your answer to Question No. 1 is 'yes,' can a Texas **Ranger** legally satisfy the Order of the Court attached hereto?

"3. If your answer to Question No. 1 is 'yes,' should the person taken into custody by the Ranger be considered under arrest?

-3576-

> If it is your opinion that such person would
> be considered under arrest, would the Ranger
> need to take such person immediately be-
> fore a magistrate in the county where he
> was arrested and, if so, would the magis-
> trate in said county have the authority
> to set bail for the prisoner?"

To begin with we point out that upon a finding of disobedience to a child support order the court may enforce its judgment by orders as in other cases of civil contempt. Rule 308-A, Texas Rules of Civil Procedure. Therefore, we must look to the applicable provisions of the Civil Statutes and the Texas Rules of Civil Procedure in order to find an answer to your problem.

In answer to Question No. 1 it is our opinion that based upon Article 4413 (11) (4) the Texas Rangers "have authority . . . to execute process . . . in civil cases when specially directed by a judge of a court of record; and in all cases shall be governed by the laws regulating and defining the powers and duties of sheriffs when in the discharge of sim-ilar duties." Thus, since the commitment in question is specifically directed to "Any Texas Ranger Within The State of Texas" a Texas Ranger is a proper person to execute the commitment in accordance with the order of the Court causing its issuance.

The writ of commitment is executed by taking into custody the person named therein and delivering such person to the authority named in the order of commitment. The order in question directs the Ranger to "take the body of (the said defendant) and transport him to the County Jail of Harris County, Texas, where he shall be confined by the Sheriff of Harris County, Texas." Thus, the writ is sufficiently explicit as to the means of satisfying same and may be obeyed. Therefore, a Texas Ranger may legally satisfy the order of the court and your Question No. 2 is answered in the affirmative.

The Supreme Court of Texas has held in Ex parte Winfree, 153 Tex. 12, 263 S.W.2d 154 (1953), that questions of procedure in civil contempt cases are not to be resolved on concepts borrowed from the detailed requirements relating to criminal prosecution. See also 20 Tex. Bar Jour. 74 (1957) and Attorney General's Opinion No. C-733 (1966). Thus, although the defendant could for some purposes be considered as "under arrest" it is our opinion that the detailed re-quirements of the Code of Criminal Procedure relating to his being taken before a magistrate, bail, etc., would not apply

since the action is not governed by the Rules of Criminal Procedure.

### S U M M A R Y

A Texas Ranger is a proper person, when specially directed by a judge of a court of record, to execute a writ of commitment for contempt in child support cases and the person so taken into custody, although he may be considered under arrest, need not be taken immediately before a magistrate nor be granted bail.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By CHARLES B. SWANNER
Assistant Attorney General

CBS/pw

APPROVED:

OPINION COMMITTEE

W. O. Shultz, Chairman

Malcolm Quick
Pat Bailey
Lonnie Zwiener
Doug Chilton

APPROVED FOR THE ATTORNEY GENERAL
BY T. B. WRIGHT